IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR INDYMAC INDEX MORTGAGE LOAN TRUST 2005-AR21, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2005-AR21, | ) ) ) ) ) ) ) | CIVIL NO. 15-00376 JMS-KSC<br><br>ORDER (1) GRANTING REMAND; AND (2) DENYING PLAINTIFF'S REQUEST FOR SANCTIONS, DOC. NO. 4 |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| JEFFREY GOFF HAGAN; JOHN DOES 1-20; JANE DOES 1-20; AND DOE ENTITIES 1-20, | ) ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

## ORDER (1) GRANTING REMAND; AND (2) DENYING PLAINTIFF'S REQUEST FOR SANCTIONS, DOC. NO. 4

## I. INTRODUCTION

On March 2, 2015, Plaintiff Deutsche Bank National Trust Company as Trustee for IndyMac Index Mortgage Loan Trust 2005-AR21, Mortgage Pass-Through Certificate Series 2005-AR21 ("Plaintiff") filed a Complaint for Mortgage Foreclosure in the Third Circuit Court of the State of Hawaii against pro se Defendant Jeffrey Goff Hagan ("Defendant").  On September 22, 2015, Defendant removed the action to this court asserting federal subject matter

jurisdiction on the basis of federal question jurisdiction.  *See* Doc. No. 1, Notice of

Removal at 2-4.

        Currently before the court is Plaintiff's October 16, 2015 Motion to

Remand, arguing that Defendant's removal of this action was improper because

there is no basis for federal question or diversity jurisdiction, and seeking Federal

Rule of Civil Procedure 11 sanctions for attempting removal despite prior court

orders explaining that removal would be improper.  Doc. No. 4-1, Mot. at 1.

Defendant filed an Opposition on November 4, 2015, Doc. No. 7, Plaintiff filed a

Reply on November 13, 2015, Doc. No. 8, and Defendant filed a Sur-Reply

(without court permission) on November 17, 2015.  Doc. No. 9.  Pursuant to Local

Rule 7.2(d), the court determines the Motion without a hearing.  For the reasons

discussed below, the court (1) GRANTS the Motion in part, remanding this action

to the Third Circuit Court of the State of Hawaii, and (2) DENIES Plaintiff's

request for Rule 11 sanctions.

## II.  <u>BACKGROUND</u>

        This is an action to foreclose Defendant's real property located at 28-

2856 Onomea Place, Pepe'ekeo, Hawaii 96783 (the "subject property").  Doc. No.

1-6, Compl. at ¶ 3.  Defendant is a resident of Hawaii.  *See id.* ¶ 2.  As alleged in

the Complaint, on or about July 27, 2005, Defendant executed a promissory note

("Note") in the amount of $259,000 to IndyMac Bank, F.S.B., which was then

negotiated to Plaintiff. *Id.* ¶¶ 5, 7.  The Note is secured by a Mortgage on the

subject property, *id.* ¶ 6, which was later assigned to Plaintiff. *Id.* ¶ 7.  Defendant

allegedly defaulted on the Note and Mortgage, and on March 2, 2015, Plaintiff

filed the instant foreclosure action in state court.

In response, on May 20, 2015, Defendant filed a separate federal

action against Plaintiff and other financial institutions asserting numerous federal

and state claims essentially challenging the securitization of the Note and

Mortgage and Plaintiff's right to foreclose.  *See Hagan v. Deutsche Bank*, Civ. No.

15-00189 JMS-KSC ("*Hagan*"); *see also* Doc. No. 1-9, Def.'s Ex. (attaching copy

of *Hagan* Compl.) ¶ 21;[1]  And on June 1, 2015, Defendant attempted to remove

the underlying state action directly into *Hagan*.  The court struck that attempted

removal without prejudice to refile as a separate federal case, but noted several

barriers to removal that Defendant would have to overcome.  *See Hagan*, Civ. No.

15-00189 JMS-KSC, Doc. No. 12 (noting that "[a] case may not be removed to

---

[1]  Defendant has not filed his Answer, contending that he has never been served with the Complaint.  Rather, Defendant alleges that he learned of the Complaint when he received a copy "as an attachment to a motion in a separate case filed by [P]laintiff . . . and also . . . by going to the clerk's office of the Third Circuit Court in Hilo, Hawaii, and making a copy set from the clerk's files."  Doc. No. 1, Notice of Removal at 4 n.1; *see also* Doc. No. 1-9, *Hagan* Compl. at 11 ("On April 30, 2015, I was at the Hawaii Third Circuit Court in Hilo" in connection with a separate case and "discovered that [Plaintiff] . . . had apparently filed a foreclosure case against me.").

federal court on the basis of a federal defense . . . [or if] based on diversity jurisdiction if any of the defendants is a citizen of the State in which such action is brought") (internal citations omitted).  On September 22, 2015, Defendant filed the Notice of Removal at issue here initiating the instant federal action.  Doc. No. 1.

### III.  <u>STANDARD OF REVIEW</u>

Under the general removal statute, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  Such removal can be based on either diversity jurisdiction or federal question jurisdiction.  *See* 28 U.S.C. §§ 1441(b) & (c). Plaintiff may seek remand, and 28 U.S.C. § 1447(c) provides:

> If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.  An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.

"Removal and subject matter jurisdiction statutes are 'strictly construed,' and a 'defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability.'"  *Hawaii ex rel.*

*Louie v. HSBC Bank Nev., N.A.*, 761 F.3d 1027, 1034 (9th Cir. 2014) (quoting

*Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1034 (9th Cir.

2008)).  Thus, "'[i]t is to be presumed that a cause lies outside [the] limited

jurisdiction [of the federal courts] and the burden of establishing the contrary rests

upon the party asserting jurisdiction.'"  *Hunter v. Philip Morris USA*, 582 F.3d

1039, 1042 (9th Cir. 2009) (quoting *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d

676, 684 (9th Cir. 2006)) (alterations in original).  This "'strong presumption

against removal jurisdiction means that the defendant always has the burden of

establishing that removal is proper,' and that the court resolves all ambiguity in

favor of remand to state court."  *Id.* (quoting *Gaus v. Miles, Inc*., 980 F.2d 564,

566 (9th Cir. 1992) (per curiam)).

## IV.  <u>DISCUSSION</u>

The Notice of Removal asserts federal question jurisdiction based on

Defendant's arguments that (1) the alleged securitization and assignment of the

Note and Mortgage to Plaintiff, upon which the foreclosure action rests,

necessarily invokes federal laws governing securities, consumer credit, debt

collection, and fraudulent, deceptive, and racketeering practices; and (2) "matters

of federal law can only be heard as issues of original jurisdiction in the federal

court."  Doc. No. 1, Notice of Removal at 2.  Defendant is mistaken as to both

arguments.

## A.      Federal Question Jurisdiction

A federal court has jurisdiction over a removed action if the complaint alleges a claim that "aris[es] under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Whether a claim arises under federal law is generally determined by the "'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint."  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Thus, a defendant cannot create federal subject matter jurisdiction on the basis of claims or defenses asserted in a notice of removal. *Takeda v. Nw. Nat'l Life Ins. Co.*, 765 F.2d 815, 822 (9th Cir. 1985) ("The federal question must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal.") (citation omitted); *Fed. Nat'l Mortg. Assoc. v. Bravo*, 2013 WL 812705, at *1 (C.D. Cal. 2013) (citing *McAtee v. Capital One, F.S.B.*, 479 F.3d 1143, 1145 (9th Cir. 2007)).

"For statutory purposes, a case can 'aris[e] under' federal law in two ways."  *Gunn v. Minton*, 133 S. Ct. 1059, 1064 (2013).  The "vast bulk of suits that arise under federal law" are those where "federal law creates the cause of action asserted."  *Id.*  The second and "less frequently encountered" category of

federal question jurisdiction cases are those asserting state law claims that

"necessarily raise a stated federal issue, actually disputed and substantial, which a

federal forum may entertain without disturbing any congressionally approved

balance of federal and state judicial responsibilities." *Grable & Sons Metal Prods.*

*v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312, 314 (2005); *see also Merrell Dow*

*Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986).  *Gunn* clarifies that under this

second category, "federal jurisdiction over a state law claim will lie if a federal

issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and

(4) capable of resolution in federal court without disrupting the federal-state

balance approved by Congress."  133 S. Ct. at 1065.

Here, Plaintiff's Complaint alleges only one state law claim for

judicial foreclosure.  Doc. No. 1-6, Compl.; *see OneWest Bank, FSB v. Farrar*,

2014 WL 5023472, at *5 (D. Haw. Oct. 8, 2014) ("In general, there is no federal

foreclosure law; rather, state law serves as the law of decision in foreclosure

actions.").  To obtain a judicial foreclosure decree under Hawaii law, Plaintiff

must establish "all four of the following: (1) the existence of a promissory note,

mortgage, or other debt agreement; (2) the terms of the promissory note, mortgage,

or other debt agreement; (3) default by the borrower under the terms of the

promissory note, mortgage, or other debt agreement; and (4) the giving of the

7

cancellation notice and recordation of an affidavit to such effect." *OneWest Bank, FSB*, 2014 WL 5023472, at *5 (citing *IndyMac Bank v. Miguel*, 117 Haw. 506, 520, 184 P.3d 821, 835 (Haw. Ct. App. 2008) and *Bank of Honolulu, N.A. v. Anderson*, 3 Haw. App. 545, 551, 654 P.2d 1370, 1375 (1982)); *see also* Haw. Rev. Stat. §§ 667-1 *et seq.* (providing for judicial foreclosure). "The material inquiry relevant to a foreclosure decree is whether a default occurred[.]" *IndyMac Bank*, 117 Haw. at 520, 184 P.3d at 835.

Defendant does not (and cannot) argue that foreclosure itself is a federal claim. Rather, he argues that various federal laws[2] are necessarily invoked as a result of the securitization and assignment of the Note and Mortgage, as well as Plaintiff's attempt to foreclose. But Plaintiff's foreclosure claim -- which essentially requires a determination of whether default has occurred -- does not require resolution of issues pursuant to federal laws governing securities, consumer credit, debt collection, and fraudulent, deceptive, and racketeering practices. The court finds these federal issues to be peripheral to the foreclosure claim, and not "(1) necessarily raised, (2) actually disputed, (3) substantial, and

---

[2] Defendant contends that this case necessarily involves claims pursuant to (1) § 17(a) of the Securities Act of 1933, 15 U.S.C. § 77q(a); (2) the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.*; (3) the Consumer Credit Protection Act, 15 U.S.C. §§ 1601 *et seq.*; and (4) the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961, *et seq*. *See* Doc. No. 1, Notice of Removal at 3-4.

(4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress."  *Gunn*, 133 S. Ct. at 1065; *see also U.S. Bank Nat'l Ass'n v. Martin*, 2015 WL 2227792, at *2 (D. Haw. Apr. 23, 2015) ("[B]ecause U.S. Bank's . . . Complaint only asserts a state-law foreclosure claim, . . . removal cannot be based on federal question jurisdiction."); *Firstar Bank, NA v. West Anderson*, 2003 WL 21313849, at *3 (D. Kan. Apr. 22, 2003) (rejecting federal question jurisdiction based on federal Truth in Lending Act ("TILA"), civil Racketeer Influenced and Corrupt Organizations Act ("RICO") and Real Estate Settlement Procedures Act claims that are peripheral to state foreclosure action). Rather, Defendant's federal issues are more properly viewed as defenses or possible counterclaims to Plaintiff's foreclosure action.  And Defendant cannot create federal subject matter jurisdiction based on an attempt to raise such defenses or counterclaims under federal law.  *See Takeda*, 765 F.2d at 822.

     Moreover, to the extent Defendant contends federal question exists because issues of federal laws governing securities, consumer credit, debt collection, and fraudulent, deceptive, and racketeering practices can *only* be heard in federal court, he is simply wrong.  *See Mortg. Elec. Registration Sys., Inc. v. Wise*, 130 Haw. 11, 18, 304 P.3d 1192, 1199 (2013) ("TILA claims . . . could have been raised as defenses in the [state court] foreclosure action."); *see also* 15

U.S.C. § 77v(a) (providing that both state and federal courts have jurisdiction over claims to enforce the Securities Act of 1933); *TSA Int'l Ltd. v. Shimizu Corp.*, 92 Haw., 243, 263, 990 P.2d 713, 733 (1999) (affirming lower state court's determination of civil RICO claim); *Keauhou Master Homeowners Ass'n, Inc. v. County of Hawaii*, 104 Haw. 214, 87 P.3d 883 (2004) (addressing merits of Fair Debt Collections Practices Act claim).

Accordingly, the court finds that Defendant has failed to meet his burden of establishing federal question jurisdiction.

## B.     Diversity Jurisdiction

The Notice of Removal does not include diversity jurisdiction as a basis for removal, however, Plaintiff seeks remand in part, by arguing that "[t]here is [no] diversity among the parties on the face of the Complaint."  Doc. No. 4-1, Mot. at 1.  And in opposing the instant Motion, Defendant argues that diversity is present and therefore, "removal to the federal court is . . . mandatory."  Doc. No. 7, Def.'s Opp'n at 4.  Accordingly, the court will address removal on the basis of diversity of citizenship.

Although there does appear to be diversity of citizenship of the parties, removal on this basis is barred by the forum defendant rule, which provides that "[a] civil action otherwise removable solely on the basis of [diversity

jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).  "This rule 'confines removal on the basis of diversity jurisdiction to instances where no defendant is a citizen of the forum state.'" *Martin*, 2015 WL 2227792, at *3 (quoting *Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 939 (9th Cir. 2006)).  Defendant concedes that he is a citizen of Hawaii, but argues that because he was not properly served with the Complaint, the rule does not apply.[3]  The court disagrees.

Federal district courts are divided as to whether the forum defendant rule bars pre-service removal based on diversity jurisdiction.  *See Phillips Constr., LLC v. Daniels Law Firm, PLLC*, 93 F. Supp. 3d 544, 550 (S.D. W.Va. 2015) (collecting cases).  But the growing trend among district courts wrestling with this issue is to remand, finding that although "the plain meaning of [§] 1441(b)(2) permits pre-service removal by a resident defendant, . . . a literal application of this plain meaning is contrary to congressional intent and creates absurd results." *Id.* at 552-53 (citations omitted).  This court is persuaded by the reasoning of

---

[3]  It is not clear whether Defendant was properly served.  Despite his assertions to the contrary, *see supra* n.1, the record includes evidence of service.  *See* Doc. No. 1-8, Return and Acknowledgment of Service (indicating service through "co-resident/household member" pursuant to Hawaii Rule of Civil Procedure 4(d)(1)(A)).  Because the forum defendant rule bars removal of this action whether or not Defendant was served, the court need not determine if service was properly effected.

courts following this growing trend.[4]  *See id.* at 554-55 (finding that "the plain meaning of the forum defendant rule . . . produces absurd and untenable results," and holding therefore, that "in cases involving only resident defendants, the forum defendant rule bars" removal prior to service); *see also Reimold v. Gokasian*, 2015 WL 3645079, at *2 (D. Md. June 8, 2015) ("Where . . . every defendant is a citizen of the forum state, . . . application of the 'properly joined and served' exception to the forum defendant rule would serve neither the general purpose of diversity jurisdiction nor the specific purpose of that exception.  The court will not condone such an absurdity."); *Allen v. GlaxoSmithKline PLC*, 2008 WL 2247067, at *4 (E.D. Pa. May 30, 2008) ("There is no sound reason to conclude that the purpose of the 'joined and served' requirement is to allow unserved, instate defendants to remove the action, claiming that [§] 1441(b) does not apply because removal occurred prior to service.").

---

[4]  "The purpose of diversity jurisdiction is to avoid prejudice against out-of-state defendants."  *Allen v. GlaxoSmithKline PLC*, 2008 WL 2247067, at *4 (E.D. Pa. May 30, 2008).  And the purpose of the "properly joined and served" language in the forum defendant rule "is to prevent a plaintiff from blocking removal by joining as a defendant a resident party against whom [the plaintiff] does not intend to proceed, and whom [the plaintiff] does not even serve."  *Goodwin v. Reynolds*, 757 F.3d 1216, 1221 (11th Cir. 2014) (citation and quotation marks omitted).  Here, because Defendant is the sole defendant, there is no danger of opportunistic joinder by Plaintiff.

Accordingly, the court finds that whether or not Defendant was served with the Complaint, the forum defendant rule precludes removal based solely on diversity jurisdiction.

## C.      Sanctions

Finally, Plaintiff seeks sanctions pursuant to Federal Rule of Civil Procedure 11 for attorneys' fees and costs incurred in facilitating remand. Plaintiff argues that Defendant's repeated failed attempts to remove state foreclosure actions and disregard for the court's directive and instructions warrants the imposition of such sanctions.[5]  The court disagrees.

Defendant is proceeding pro se, appears to be operating under the mistaken belief that he cannot raise federal law defenses or counterclaims in state court, and raised an argument regarding the applicability of the forum defendant rule that is not frivolous.  Thus, the court declines to impose sanctions.

## V.  <u>CONCLUSION</u>

Based on the foregoing, the court (1) GRANTS Plaintiff's Motion to Remand in part, remanding this action to the Third Circuit Court of the State of

---

[5]  In addition to Defendant's prior attempt to remove the underlying state court action into *Hagan*, Defendant also previously attempted to remove a different state court foreclosure action filed by a different financial institution in connection with a different property.  *See Hagan v. U.S. Nat'l Bank*, 2014 WL 5465321, at *2 (D. Haw. Oct. 27, 2014) (noting that Hagan failed to follow proper removal procedure, but even if he had, the forum defendant rule would have barred such removal).

13

Hawaii, and (2) DENIES the Motion to the extent Plaintiff seeks Rule 11

sanctions.  The court directs the Clerk of Court to remand this action to the Third

Circuit Court of the State of Hawaii.

      IT IS SO ORDERED.

      DATED:  Honolulu, Hawaii, November 27, 2015.



     /s/ J. Michael Seabright
     J. Michael Seabright
     Chief United States District Judge

*Deutsche Bank Nat'l Trust Co. v. Hagan*, Civ. No. 15-00376 JMS-KSC, Order (1) Granting
Remand; and (2) Denying Plaintiff's Request for Sanctions, Doc. No. 4